116

Tom Racine *et al.*, Plaintiffs-Appellants, *v.* Dean Finney *et al.*, Defendants-Appellees.

(No. 72-31; 

Fifth District—January 18, 1973.

John D. Lackey, of Lackey & Lackey, of Centralia, for appellants.

Walker & Williams, of Belleville, (David B. Stutsman, of counsel,) for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiffs appeal from a judgment of the Circuit Court of Marion County denying their post trial motion for a new trial confined to the issue of damages or alternatively for a new trial on all of the issues.

Plaintiffs sued for damages to their restaurant, equipment and merchandise which they contend was caused by the negligence of the defendant Finney while operating a "back-hoe" while he was in the employment of another defendant, John D. Ross. The jury returned a verdict for the plaintiff in the amount of $6,000, which plaintiffs contend is inadequate. Defendant contends the verdict is within the range of the evidence, but argues that if the judgment is reversed, a new trial should be granted on all of the issues.

On May 1, 1968, plaintiffs owned and operated a drive-in restaurant in Centralia, Illinois, and the co-defendant Finney came upon the property to lay a sewer line at the request of the plaintiffs. He began to dig a trench for that purpose with a back-hoe. While operating the back-hoe, the defendant Finney struck a gas line buried in the vicinity and tore loose the line from the meter leading to the plaintiffs' restaurant. The escaping gas inside the restaurant was ignited by the electric motor of the refrigeration unit and caused an explosion and resulting damage to the building and contents.

It is undisputed that plaintiff's building was damaged in the amount of

$5175. In addition, the business was closed for repairs all during the months of May and June; the Racines spent several hours a day in the building, cleaning up the building to ready it for repair; there was extensive damage to the equipment; and there was a large quantity of food stuffs and restaurant supplies destroyed. It is therefore apparent that the amount of the verdict did not come close to satisfying the amount of damages suffered by plaintiffs because the damages awarded for all of the foregoing items, less the damage to the building, amounted to only approximately $825.

There is a conflict of testimony regarding what the plaintiff told the defendant about the "live" gas and water lines which ran on the property. The defendant and three witnesses for the defendant (defendant's brother and two co-workers) testified that the plaintiff Tom Racine had told Finney that there were no live gas lines in the area in which he was supposed to dig. Finney also testified that Tom Racine had told him where to dig. The plaintiff denied this, testifying that he told the defendant to be very careful while he was digging.

We are unable to say that the damage issue in this case is so separate and distinct from the issue of liability that a trial of it alone may be without injustice.

For the foregoing reasons, the judgment of the Circuit Court of Marion County is reversed and this case is remanded for a new trial on all of the issues.

Reversed and remanded.

EBERSPACHER and CREBS, JJ., concur.